WIENER, Circuit Judge,
dissenting:
I respectfully dissent from the panel majority’s affirmance of the summary judgment for the City. I do so because I am convinced that summary judgment was granted despite the existence of a genuine issue of material fact which cannot be resolved under the summary judgment record that was before the district court and is now before us.[1]
None disputes that (1) a decision was made by the City on May 22 to pay Barnard for all rock excavation, whether inside or outside Line Al — and indeed, the City did pay for it — but (2) on June 17, the City reversed that decision and deducted from the next periodic payment the portion of the prior payment attributable to excavation outside Line Al. The parties do vigorously contest, however, the correct way to classify the legal nature of the City’s May 22 decision and payment. Barnard insists that under the terms of the construction contract, the May 22 decision was “final and conclusive,” making it binding on the City and not subject to subsequent unilateral reversal or change by the City. In contrast, the City pays little heed to this issue; and the panel majority opinion demonstrates an unwillingness even to recognize the possibility that whether a particular decision by the City is “final and conclusive” is not simply whatever the City unilaterally may say.[2]
The contract states that “[a]ny decision by the [City’s] Representative ... shall be final and conclusive in the absence of fraud.”[3] Although neither a definition nor an explanation of “final and conclusive” appears in the contract, the phrase is used in it. For example, the contract gives the City’s representative authority to resolve “all questions of dispute or adjustment [that are timely] presented by the Contractor” to the City’s representative. Elsewhere in the contract, the City’s representative is given the authority and duty to, “in all cases, decide every question which may arise relative to the execution of this contract.” Further, the contract deems each such decision to be “conclusive in the absence of written objection to same delivered to Owner’s Representative within fifteen (15) calendar days of any decision or direction by [City’s] Representative.”
Here, there were (1) an initial decision by the City on May 15 to deny Barnard’s request to be paid for all rock excavation; (2) a timely objection by Barnard to that decision; (3) a decision favorable to Barnard made by the City on May 22, reversing its May 15 decision and agreeing to pay Barnard for all excavation; and, finally (4) a third decision by the City, this one on June 17, purporting to reverse its own May 22 change of position from its initial decision of May 15 — a double flip-flop.
I do not question that the City, acting through its designated representative, had the right vel non to make the May 22 decision; but given that decision, I do *431 question how the City could then, on June 17, make a contrary decision on the same discrete issue. I have found no principled way to interpret final and conclusive — at least not without making this construction agreement a contract of adhesion — to mean anything other than that an officially made, unqualified and unconditional decision by the City on any given issue, at any stage of the construction, is not merely final and conclusive, but is also just as unilaterally irreversible by, and binding on, the City as it is on Barnard. As the contract is the law between the parties, contractual interpretation must provide the answer to the key question, “which of the City’s diametrically opposed, sequential decisions regarding rock excavation was the final and conclusive one, and was therefore irrevocably and irreversibly binding on both parties?”
The summary judgment record makes clear, and none disputes, the relevant sequence of events.
• On May 15, the City made a “decision” to deny Barnard’s request to be paid for all rock excavation, not just that in Line Al.
• Barnard timely objected to that denial.
• On May 22, the City made a “decision” to reverse its May 15 decision and to pay for all rock excavation (which it did).
Thus, when we interpret the contract as a whole, with all relevant provisions considered in pari materia, this second “decision” by the City, the one on May 22 to reverse its May 15 decision and pay Barnard for all rock excavation, had to be “final and conclusive” — unless, that is, the May 22 decision was expressly made subject to the putative condition subsequent, reserving to the City the power to reconsider and again reverse itself. Unlike the May 15 decision which was timely contested by Barnard pursuant to the contract, the May 22 decision was not contested or appealed by either party. Rather, the City just changed its mind weeks later. Crucially, then, for the May 22 decision not to be final and conclusive, and thus remain reversible by the City, this condition subsequent would have to have been made by the City and communicated to Barnard' (1) in the May 22 decision, (2) before that decision was made, or (3) contemporaneously with that decision. Conversely, any subsequent attempt by the City to make its May 22 commitment reversible would have been too late and thus ineffectual to render the May 22 decision anything other than final and conclusive.'
It follows that if, on the one hand, the question when that condition subsequent was made and communicated to Barnard is ultimately found to have been in the May 22 decision, or on or before May 22, then that decision would not have been “final and conclusive,” and the City would be entitled to change its mind, as it purported to do on June 17. But if, on the other hand, the fact ultimately found is that communication of the reserved right to change its mind was not made by the City in, before, or contemporaneously with its May 22 decision, but only thereafter, the May 22 decision would be a “final and conclusive” decision on that one point, viz., to pay Barnard for all rock excavation. This is why the answer to the question whether the May 22nd decision was final and conclusive and therefore not subject to a unilateral, post-hoc change of position by the City (as the City purported to do on June 17), is the crucial “genuine issue of material fact” on which this contract dispute turns.
The panel majority appears to accept as a given the City’s representation to this court that “it had communicated to Barnard before or at the time of payment that it might later offset payment for rock excavated outside of Line Al.” Yet the ma *432 jority opinion also concedes that “Barnard contests the date this communication was made.”[4] In the face of these irreconcilably opposed factual contentions of the parties, I cannot conclude, as did the district court and the panel majority, at least implicitly, that no genuine issue of material fact exists regarding the timing or sequence of the City’s reservation of that condition subsequent. Instead, I remain convinced that this material fact question cannot be resolved on the basis of the summary judgment record, either by the district court or by this court on de novo review. Here’s why.
In granting summary judgment, the district court stated as a given that Barnard was “/orewarned”[5] — shorthand for Barnard was informed of the condition subsequent by the City, before, in, or contemporaneously with its May 22 decision to pay Barnard for all rock excavation. If that turns out to be how it happened, I would agree that the May 22 decision was conditional, preventing it from being deemed final and conclusive, and thus making it subject to reconsideration and change by the City. I repeat for emphasis, however, that the district court’s conclusional statement that Barnard was “forewarned” simply is not supported by the summary judgment record, without which support that material fact issue remains genuinely contested and unresolved.
By the district court’s own declaration, its determination that Barnard was “forewarned” by the City is based solely on one individual’s affidavit. The problem is that the affidavit nowhere states, mentions, adverts to, or implies either (1) the precise calendar date of the City’s making and communicating the condition subsequent, or (2) the relative timing of that communication vis-á-vis the notification to Barnard of the City’s May 22 decision to pay for all rock excavation (itself a turn around from its May 15 decision not to pay). Whether Barnard was or was not “forewarned” remains an open genuinely contested issue of material fact.
If this panel had reversed and remanded, the City as movant might well have been able to supply evidence of such date or timing to show that Barnard was indeed “forewarned”; and it might well be that Barnard would not have been able to controvert it. But, without a summary judgment record sufficient to support the absence of a genuine issue of material fact, we should not affirm the summary judgment here being appealed. This is why, with genuine respect for my colleagues of the panel majority and for the district court, I am compelled to dissent.

.Summary judgment may be granted, of course, only if "there is no genuine issue as to any material fact ...Fed. R. Civ. P. 56(c).

. See footnote 2 in panel majority opinion, supra.

. Emphasis added.

. See footnote 1 in panel majority opinion, supra.

. Emphasis mine.